UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY VON ROHR, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:13-CV-232 (CEJ) |
| RELIANCE BANK, | ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion for entry of a final judgment, pursuant to Fed.R.Civ.P. 54(b), or, in the alternative, to grant him leave to seek interlocutory appeal pursuant to 28 U.S.C. 1292(b). Defendant Federal Deposit Insurance Corporation opposes the motion.

### I. **Background**

Plaintiff Jerry Von Rohr was employed as the chairman, president, and chief executive officer of defendant Reliance Bank. In 2011, Reliance Bank notified him that his employment contract would not be renewed upon its expiration on September 1, 2011. Plaintiff asserted that his contract did not expire until September 1, 2012, and argued that he was entitled to compensation for an additional year. In response to an inquiry from Reliance Bank, the Federal Deposit Insurance Corporation (FDIC) stated that the payment plaintiff sought constituted a prohibited golden parachute which could not be paid unless Reliance Bank certified that plaintiff was not responsible for the bank's troubled condition. Reliance Bank did not so certify.

On February 15, 2013, plaintiff filed suit against Reliance Bank and the FDIC. In Count I plaintiff asserts a breach of contract claim against the bank and in Count II

he seeks a declaration that an award of compensation under his contract claim is not prohibited by federal laws and regulations governing troubled institutions.[1] At the parties' request, the court stayed the action while plaintiff applied to the FDIC for a determination as to whether the payment he sought constituted a golden parachute.[2] On October 28, 2013, the FDIC determined that the payment plaintiff seeks constitutes a golden parachute under the Federal Deposit Insurance Act, 12 U.S.C. § 1828(k)(4)(A), and the FDIC's regulations, 12 C.F.R. § 359.1, and cannot be paid without the FDIC's prior written approval. On May 20, 2014, the court upheld the FDIC's decision and dismissed plaintiff's claim against the FDIC. Plaintiff now argues that the outcome of his contract claim against Reliance Bank will be determined by whether the FDIC decision is upheld on appeal and asks the court to enter final judgment on Count II or allow him to seek interlocutory appeal before proceeding with his contract claim against Reliance Bank.

**II.     Discussion**

   **A.     Rule 54(b)**

Rule 54(b) provides:

**Judgment on Multiple Claims or Involving Multiple Parties**. When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to

---

[1] In his complaint, plaintiff asked the court to declare that his compensation is not subject to the Troubled Asset Relief Program (TARP), 28 U.S.C. §§ 5201 *et seq.*, which is administered by the Treasury Department, no the FDIC. The parties agreed, however, that plaintiff could not recover contractual damages if they constituted a golden parachute under the FDIC's regulations.

[2] The parties noted that plaintiff's claim in Count II was subject to limited judicial review of the administrative record and that, under the Administrative Procedures Act, 5 U.S.C. § 704 , the court arguably lacked jurisdiction over the claim until the FDIC issued a written determination.

one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. . .

Fed.R.Civ.P. 54(b). The rule "provide[s] a practical means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claims actions, without waiting for final decisions to be rendered on all the claims in the case." Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435 (1956).

When deciding whether to grant Rule 54(b) certification, the district court must undertake a two-step analysis. Williams v. Cnty. of Dakota, Neb., 687 F.3d 1064, 1067 (8th Cir. 2012).

> The court must first determine that it is dealing with a final judgment . . . in the sense that it is an ultimate disposition of an individual claim. Second, [i]n determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals. Certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal.

Id. at 1067-68 (internal quotations and citations omitted).

Several factors should be considered when determining whether a just reason for delay exists:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Downing v. Riceland Foods, Inc., No. 4:13CV321 (CDP) (E.D. Mo. Nov. 7, 2014) (quoting Hayden v. McDonald, 719 F.2d 266, 269 (8th Cir. 1983)).

The FDIC determined that the payment plaintiff seeks cannot be paid without its prior written approval of a Part 359 Payment Application. This application requires a certification that plaintiff had no culpability or responsibility for the bank's troubled condition. Although the bank declined to file a Part 359 Application with the necessary certification, plaintiff may do so on his own behalf. See 12 C.F.R. § 359.4(a)(4) (insured depository institution or institution-affiliated party may request approval of golden parachute payment). If the plaintiff files a Part 359 Application, any denial by the FDIC will be appealable to this court. Under this circumstance, the court finds that the May 17, 2014 order does not finally dispose of plaintiff's claim against the FDIC for the purposes of Rule 54(b).

### B. Interlocutory Appeal

28 U.S.C. § 1292(b) provides a mechanism through which a party can pursue an interlocutory appeal.[3] It has "long been the policy of the courts to discourage piece-meal appeals." White v. Nix, 43 F.3d 374, 376 (8th Cir.1994) (internal quotations omitted). Motions to certify issues for interlocutory appeal should be "granted sparingly and with discrimination." Id. Therefore, § 1292(b) motions should be granted only in "exceptional cases where a decision on appeal may avoid protracted

---

[3]Section 1292(b) provides in pertinent part:

(b) When a district judge, in making in a civil action an order not otherwise appealable . . . shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order.

and expensive litigation." Id. The movant bears the "heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." Id. at 377. Section 1292(b) establishes three criteria for certification: the district court must be "of the opinion that" (1) the order "involves a controlling question of law"; (2) "there is substantial ground for difference of opinion"; and (3) certification will "materially advance the ultimate termination of the litigation." Id. at 377 (quoting Paschall v. Kansas City Star Co., 605 F.2d 403, 406 (8th Cir. 1979)). These criteria are not satisfied in this case. So long as plaintiff may obtain the relief he seeks from the FDIC, certification of the May 17, 2014 order for immediate appeal is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for entry of final judgment or interlocutory appeal [Doc. #30] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of December, 2014.